IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANNY J. HAWK, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:15-CV-1784-D |
| VS. § | |
| § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of plaintiffs' residential property, defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants defendant's motion and also grants plaintiffs leave to replead.

I

Plaintiffs Danny J. Hawk and Karen R. Hawk (collectively, "the Hawks") own residential property in Richardson, Texas (the "Property").[1] According to plaintiffs' amended state-court petition ("amended petition"), on April 25, 2005 the Hawks executed

---

[1] In deciding defendant's Rule 12(b)(6) motion, the court construes plaintiffs' amended state-court petition in the light most favorable to them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

a Texas Home Equity Note ("Note") and a Texas Home Equity Security Instrument ("Security Instrument") that granted Ameriquest Mortgage Company ("Ameriquest") a security interest in the Property. Sometime thereafter, the Note and Security Instrument were assigned to defendant Deutsche Bank National Trust Company ("Deutsche Bank").

When Deutsche Bank sought to foreclose on the Property and exercise its power of sale, the Hawks filed suit in state court seeking a declaratory judgment that the Note and Security Instrument were invalid because the Note did not comply with the requirements of Tex. Const. Ann. art XVI, § 50. Alternatively, the Hawks sought a declaration that the assignment of the Note and Security Instrument from Ameriquest to Deutsche Bank was unauthorized, void, and ineffective; that because Deutsche Bank did not have an intact, complete chain of title from Ameriquest to Deutsche Bank, it could not foreclose on the Property to collect debt under the Note; and that Deutsche Bank could not enforce the Note and Security Instrument if it did not possess the original Note. The Hawks also brought a suit to quiet title and to remove cloud on title.

Deutsche Bank removed the case to this court, and it now moves to dismiss under Rule 12(b)(6), contending that one of the Hawks's claims is barred by the applicable statute of limitations, and, concerning the remainder of the Hawks's claims, that plaintiffs have failed to state a claim on which relief can be granted. The Hawks oppose the motion.

II

To survive Deutsche Bank's motion to dismiss, the Hawks must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"'Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.'" *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under

Rule 12(b)(6) . . . when [an] affirmative defense clearly appears on the face of the complaint."). "In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint." *Simon v. Telsco Indus. Emp. Benefit Plan*, 2002 WL 628656, at *1 (N.D. Tex. Apr. 17, 2002) (Fitzwater, J.). Furthermore, "[i]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff[s] must normally plead [themselves] out of court." *W. Fork Partners, L.P. v. Chesapeake Exploration, L.L.C.*, 2009 WL 2252505, at *5 (N.D. Tex. July 29, 2009) (Fitzwater, C.J.) (quoting *Funches v. City of Dallas*, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.)).

III

The Hawks allege that the Note violates the Texas Constitution because Ameriquest extended credit to them in a principal amount that exceeded 80% of the fair market value of the Property.[2] Deutsche Bank moves to dismiss this claim on the ground that it is barred by the Texas residual four-year statute of limitations.

A

As noted above, for Deutsche Bank to be entitled to dismissal at the Rule 12(b)(6) stage based on limitations, the Hawks must normally have pleaded themselves out of court.

---

[2]Under Texas law, "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by" § 50 of Article XVI to the Texas Constitution. Tex. Const. Ann. art. XVI, § 50(c). Section 50(a)(6) contains numerous requirements to which a home equity loan must adhere. Section 50(a)(6)(B) prohibits loans that, when added to the principal balances of all other liens against the home, exceed 80% of the home's fair market value.

The court holds that they have. In their amended petition, the Hawks allege that they executed the Note on April 25, 2005 and that the Security Instrument was recorded on May 6, 2005. They filed this lawsuit on March 27, 2015.

In *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013), the Fifth Circuit held that suits that seek to invalidate homestead liens that contravene the Texas constitution are governed by the Texas residual four-year limitations period. *Id.* at 673-74.[3] The panel concluded that this limitations period applies to constitutional infirmities under § 50(a)(6), and that claims alleging violations of this constitutional provision accrue at the time the unconstitutional loan is made. *Id.* at 674-75.

Under *Priester*, the Hawks's declaratory judgment claim based on an alleged violation of the Texas Constitution is subject to a four-year statute of limitations that began to run on April 25, 2005, the date the Hawks executed the Note. The limitations period expired on April 25, 2009. The Hawks's declaratory judgment claim is therefore barred by the statute of limitations. *See id.*; *see also, e.g., Cooley v. Deutsche Nat'l Trust Co.*, 2014 WL 2475895, at *2 (N.D. Tex. June 3, 2014) (Fitzwater, C.J.) (applying *Priester* to plaintiffs' § 50(a) claims and holding that suit was barred by four-year residual limitations period). Accordingly, the court grants Deutsche Bank's motion to dismiss the Hawks's declaratory judgment claim alleging a violation of the Texas Constitution on the ground that the claim

---

[3]Under Texas law, a four-year limitations period applies in "[e]very action for which there is no express limitations period, except an action for the recovery of real property." Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2015).

is barred by limitations.

B

The Hawks contend that the four-year statute of limitations was tolled as to Deutsche Bank under Tex. Civ. Prac. & Rem. Code Ann. § 16.063 (West 2015) because Deutsche Bank was absent from Texas and not amenable to process here. Section 16.063 provides that "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." This section only applies, however, to "(1) resident defendants or (2) non-residents who are present in Texas when an obligation arises or when the cause of action accrues." *Ahrenhold v. Sanchez*, 229 S.W.3d 541, 543 (Tex. App. 2007, no pet.). In *Kerlin v. Sauceda*, 263 S.W.3d 920 (Tex. 2008), the Supreme Court of Texas addressed the circumstances under which a nonresident[4] would be considered "present" in or "absent" from the state for tolling purposes. *Id.* at 927-28. It concluded that a non-resident is "present" within the state under § 16.063 when it is amenable to service of process through the Texas long-arm statute and has sufficient contacts with Texas to create personal jurisdiction. *Id.* at 927. Under these circumstances, the nonresident is not absent from the state under § 16.063, and the limitations period is not tolled. *Id.*

Deutsche Bank contends that, although it is a nonresident, it has been present by doing business in Texas during the entire time it has owned the Hawks's loan, including by

---

[4]The Hawks allege that Deutsche Bank is a nonresident of Texas.

receiving payment from them to the extent they made payments and by communicating with them through its servicing agent regarding their loan contract. Deutsche Bank posits that under Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (West 2015), a nonresident does business in the state if the nonresident "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state"; that through its predecessor (Ameriquest), it contracted with the Hawks by entering into the loan agreement in Texas; that the Hawks are Texas residents; and that the entirety of the contract is to be, and has been, performed in this state. Accordingly, Deutsche Bank maintains that

> [b]ecause Deutsche Bank contracted with the Hawks in Texas and the contract was to be performed in Texas, Deutsche Bank was "doing business in Texas" at all relevant times pursuant to section 17.042. Further, because Deutsche Bank was doing business in Texas at all relevant times, it was amenable to service of process through the secretary of state, which is the method Plaintiffs used to serve Deutsche Bank in this case, and, therefore, Deutsche Bank was "present" in Texas for the purpose of determining that the tolling provision in section 16.063 does not apply.

D. Reply 7 (footnote omitted).

In *Kerlin* the court looked to the state's long-arm statute to determine whether a nonresident defendant was "present" in the state for purposes of § 16.063,[5] and it noted that, under Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (West 2015), "a nonresident does

---

[5]The general long-arm statute, Tex. Civ. Prac. & Rem. Code Ann. § 17.044(b) (West 2015), provides that "the secretary of state is an agent for service of process on a nonresident who engages in business in this state . . . in any proceeding that arises out of the business done in this state."

business 'in this state' if, among other acts, the nonresident contracts with a Texas resident and either party is to perform in whole or in part here." *Kerlin*, 263 S.W.3d at 927 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (West 2015)). The court determined that because the nonresident defendant in that case was receiving royalty payments under a Texas contract for a period that spanned the time period relevant to the suit, he was subject to service of process via the Secretary of State during that time and was therefore present by doing business in Texas. *Id.* at 927-28; *see also Ashley v. Hawkins*, 293 S.W.3d 175, 178 (Tex. 2009) ("Under the general longarm statute, a nonresident party is amenable to service through the Secretary of State, if he or she 'engages in business in this state' and the proceeding at issue 'arises out of the business done in this state and to which the nonresident is a party[.]' . . . Thus . . . if a party engages in business in this state, then the party's presence is established, and the tolling statute does not apply.").

In this case, the Hawks allege in their amended petition that the Note secured property located in Texas; that while residing at the Property in Texas, they made 37 monthly payments to Deutsche Bank from March 2009 through March 2012; that Deutsche Bank sent them a "Notice of Acceleration of Loan Maturity," stating the amount due as of August 26, 2014; and that on January 8, 2015, they sent Deutsche Bank a notice demanding that it comply with its obligations under the Texas Constitution. These allegations establish, on the face of the amended petition, that Deutsche Bank has engaged in business in Texas since at least March 2009 by accepting payments under a contract with Texas residents and

attempting to enforce its rights under that contract.[6] Accordingly, the court concludes that Deutsche Bank's presence in Texas since March 2009 is established by the allegations in the amended petition, and Tex. Civ. Prac. & Rem. Code Ann. § 16.063 (West 2015) does not apply. *See Kerlin*, 263 S.W.3d 927; *Ashley*, 293 S.W.3d at 178; *see also Cadles of Grassy Meadows II, L.L.C. v. Goldner*, 2010 WL 549883, at *3 (N.D. Tex. Feb. 16, 2010) (Lynn, J.) ("according to *Ashley*, if a party engages in business in Texas out of which a suit arises, then the party's presence is established, and the tolling statute does not apply").

Because the Hawks have affirmatively pleaded facts showing that their declaratory judgment claim based on Deutsche Bank's alleged violation of the Texas Constitution is barred by the statute of limitations, the court grants Deutsche Bank's motion to dismiss this claim.

IV

Alternatively, the Hawks seek a declaratory judgment that Deutsche Bank has no right to enforce the Note or Security Instrument because the "Corporate Assignment of Deed of Trust," executed by Citi Residential Lending Inc. ("Citi") as attorney-in-fact under a power of attorney from Ameriquest, was unauthorized, void, and ineffective to give Deutsche Bank rights under the Note or Security Instrument. The Hawks contend that the Limited power of attorney ("Power of Attorney") under which Citi assigned the Note and Security Instrument to Deutsche Bank did not authorize "routine transfer[s], long before default or

---

[6]It is undisputed that the Hawks's claims against Deutsche Bank arise out of Deutsche Bank's business in Texas.

foreclosure." Am. Pet. 5.  Deutsche Bank moves to dismiss this claim, contending that the Hawks do not have standing to challenge the assignments of the Note and Security Instrument.

In *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220 (5th Cir. 2013), the Fifth Circuit held that a plaintiff lacks standing to challenge an assignment on any basis that merely renders the assignment voidable at the election of the assignor. *See id.* at 225-26.  In *Reinagel* the plaintiffs argued that the pooling and servicing agreement ("PSA") governing the trust holding their mortgage loan established a cut-off date in 2006 for transfers of loans into the trust. *Id*. at 222.  Because the plaintiffs' loan was not transferred until 2008, they maintained that the assignment was void as untimely under the PSA. *Id*. at 224.  The Fifth Circuit held that the plaintiffs could not enforce the PSA's terms because they were neither parties to, nor third-party beneficiaries of, the PSA. *Id*. at 228.  The panel concluded that even if plaintiffs were third-party beneficiaries, the belated transfer at most rendered the assignment voidable rather than void. *Id*.

The Hawks assert a similar factual scenario, and *Reinagel* requires the same result. The Hawks allege that the Power of Attorney under which Citi assigned the Note and Security Instrument to Deutsche Bank did not authorize "routine transfer[s], long before default or foreclosure" and, accordingly, because Citi was unauthorized to execute the assignment to Deutsche Bank, the assignment was "void." Am. Pet. 5.  Although the Hawks argue in their response that Citi's actions rendered the assignment "void" rather than "voidable," they have not alleged facts that would enable the court to draw the reasonable

inference that the assignment was void. To be sure, the Hawks rely on a power of attorney rather than a "PSA," as in *Reinagel*, but the effect is the same: nothing in the amended petition alleges that plaintiffs are third-party beneficiaries of, or that they have any rights to enforce anything in, the Power of Attorney. Nor do they allege facts that would enable the court to draw the reasonable inference that a violation of the Power of Attorney rendered the assignment of their loan void. At most, the Hawks have alleged that Citi lacked actual authority to execute the assignment, thus rendering the assignment *voidable*—at the option of Ameriquest—not void. Accordingly, the court grants Deutsche Bank's motion to dismiss the Hawks's alternative ground for seeking a declaratory judgment.

V

Alternatively, the Hawks seek a declaration that the Note is non-negotiable and that because "Deutsche does not have an intact chain of title showing ownership of the Note, [it] may not foreclose on the Property to collect Note debt." Am. Pet. 6. Also in the alternative, they seek a declaration that "if the Note is negotiable, and if Deutsche [Bank] does not possess the original Note, and cannot account for possession of it by a lost note affidavit . . . then Deutsche [Bank] cannot enforce the Note and Security Instrument against the Property." *Id.* at 7. The Hawks appear to concede, however, that under binding Fifth Circuit authority, "'[t]he party to foreclose need not possess the note itself.'" Ps. Br. 11 (quoting *Martins v. BAC Home Loans Servicing LP*, 722 F.3d 249, 255 (5th Cir. 2013)). In any event, they agree that these claims "should be dismissed with prejudice." *Id.* at 13 ("Plaintiffs request Deutsche's motion be overruled in all things—except as to claims in amended petition,

paragraphs VII, C and D . . . which should be dismissed with prejudice). Accordingly, the court grants Deutsche Bank's motion to dismiss the Hawks's request for a declaratory judgment regarding Deutsche Bank's inability to foreclose on the Property based on its failure to prove an intact chain of title showing ownership of the Note or its possession of the Note itself.

VI

Finally, the Hawks bring a suit to quiet title and remove cloud on title. "A suit to quiet title is an equitable action." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. 2001, no pet.) (citing *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App. 1978, writ ref'd n.r.e.)). "[T]he purpose of a traditional suit to quiet title is to remove a cloud from the title created by an invalid claim." *Teon Mgmt., LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719, 726 (Tex. App. Oct. 27, 2011, pet. denied) (citing *Wright v. E.P. Operating Ltd. P'ship*, 978 S.W.2d 684 (Tex. App. 1998, pet. denied)).

> Generally, a plaintiff in a suit to quiet title must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.

*XTO Energy Inc. v. Nikolai*, 357 S.W.3d 47, 59 n.13 (Tex. App. 2011, pet. denied) (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. 2009, pet. denied)) (internal quotation marks omitted). "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks*, 45 S.W.3d at 327 (citing *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App. 1984, writ ref'd n.r.e)).

Deutsche Bank moves to dismiss this claim on the ground that plaintiffs have not provided any support for their own alleged title to the Property, focusing instead on the alleged weakness of Deutsche Bank's title.  The court agrees.  In support of their quiet title claim, the Hawks allege:

> Plaintiffs own the Property under deed duly executed, delivered, acknowledged and recorded, have possession of the Property, and have for many years.  The Security Instrument recorded as document #200508916879 in Dallas County, Texas, constitutes a cloud on plaintiffs' title to their home—the Property—is invalid and unenforceable, and should be declared void, removed from title to the Property, and title quieted in plaintiffs free of the cloud.

Am. Pet. 7.  These allegations are insufficient to plausibly allege a claim for suit to quiet title.  The Hawks have failed to plead facts that would enable the court to draw the reasonable inference that they have superior title to the Property vis-a-vis Deutsche Bank, or that Deutsche Bank has asserted a claim against the Property that is invalid or unenforceable.  *See Fricks*, 45 S.W.3d at 327.  Accordingly, Deutsche Bank's motion to dismiss this claim is granted.

VII

In their response to Deutsche Bank's motion to dismiss, the Hawks request leave to amend their amended petition.  "Because the court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead, the court will give [the Hawks] an opportunity to amend [their] [amended petition]." *Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F.Supp.3d 681, 707 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *In re Am. Airlines,*

*Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d at 567-68. Because there is no indication that the Hawks cannot, or are unwilling to, cure at least some of the defects that the court has identified, the court grants them 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

* * *

For the foregoing reasons, the court grants Deutsche Bank's motion to dismiss under Rule 12(b)(6), and it also grants the Hawks leave to replead.

**SO ORDERED**.

August 10, 2015.

                                            SIDNEY A. FITZWATER
                                            UNITED STATES DISTRICT JUDGE