IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANNY J. HAWK, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:15-CV-1784-D |
| VS. | § |
| | § |
| DEUTSCHE BANK NATIONAL | § |
| TRUST COMPANY, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of plaintiffs' residential property, defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons set out below, the court grants defendant's motion and dismisses this action with prejudice by judgment filed today.

I

Because this case is the subject of a prior opinion, *Hawk v. Deutsche Bank National Trust Co.*, 2015 WL 4724797 (N.D. Tex. Aug. 10, 2015) (Fitzwater, J.) ("*Hawk I*"), the court will recount only the background facts and procedural history necessary to understand the present decision.

Plaintiffs Danny J. Hawk and Karen R. Hawk (collectively, "the Hawks") own residential property in Richardson, Texas (the "Property").[1] The Hawks allege that, on April

---

[1]In deciding defendant's Rule 12(b)(6) motion, the court construes the Hawks's second amended complaint in the light most favorable to them, accepts as true all

25, 2005, they executed a Texas Home Equity Note (the "Note") and a Texas Home Equity Security Instrument (the "Security Instrument") that granted Ameriquest Mortgage Company ("Ameriquest") a security interest in the Property. The Note and Security Instrument were later assigned to defendant Deutsche Bank National Trust Company ("Deutsche Bank").

When Deutsche Bank sought to foreclose on, and exercise its power of sale against, the Property, the Hawks filed suit in state court seeking a declaratory judgment that the Note and Security Instrument were invalid because the Note did not comply with the requirements of Tex. Const. Ann. art XVI, § 50. The Hawks alternatively sought a declaration that the assignment of the Note and Security Instrument from Ameriquest to Deutsche Bank was unauthorized, void, and ineffective, and they brought a claim for suit to quiet title and to remove cloud on title to the Property.[2]

Deutsche Bank removed the case to this court. On Deutsche Bank's motion, the court dismissed the Hawks's amended petition under Rule 12(b)(6), but it permitted them to replead. The Hawks then filed the instant second amended complaint seeking a declaratory

---

well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[2]The Hawks also alleged in their amended petition that, because Deutsche Bank did not have an intact, complete chain of title from Ameriquest, Deutsche Bank could not foreclose on the Property to collect a debt under the Note, and that Deutsche Bank could not enforce the Note and Security Instrument if it did not possess the Note. The Hawks do not include these allegations in their second amended complaint.

judgment that the Note and Security Instrument are invalid as unconstitutional, or, alternatively, that the assignment of the Note and Security Instrument to Deutsche Bank is void. The Hawks also allege a claim for suit to quiet title and to remove cloud on title.

Deutsche Bank moves to dismiss the Hawks's second amended complaint, contending that their constitutional claim is barred by limitations, and, as to their other claims, that they have failed to state a claim on which relief can be granted. The Hawks oppose the motion.

II

To survive Deutsche Bank's motion to dismiss, the Hawks's second amended complaint must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level [.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more

than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U. S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

"'Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.'" *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) . . . when [an] affirmative defense clearly appears on the face of the complaint."). "In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint." *Simon v. Telsco Indus. Emp. Benefit Plan*, 2002 WL 628656, at *1 (N.D. Tex. Apr. 17, 2002) (Fitzwater, J.). Furthermore, "[i]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff[s] must normally plead [themselves] out of court." *W. Fork Partners, L.P. v. Chesapeake Exploration, L.L.C.*, 2009 WL 2252505, at *5 (N.D. Tex. July 29, 2009) (Fitzwater, C.J.) (quoting *Funches v. City of Dallas*, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.)).

III

The Hawks allege that the Note violates the Texas Constitution because Ameriquest extended credit to them in a principal amount exceeding 80% of the fair market value of the

Property. Deutsche Bank moves to dismiss this claim on the ground that it is barred by the Texas residual four-year statute of limitations.

As this court previously held in this case, under controlling Fifth Circuit precedent, "the Hawks's declaratory judgment claim based on an alleged violation of the Texas Constitution is subject to a four-year statute of limitations that began to run on April 25, 2005, the date the Hawks executed the Note." *Hawk I*, 2015 WL 4724797, at *2 (citing *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013)). The Hawks agree that they executed the Note on April 25, 2005, and that controlling precedent dictates that the four-year statute of limitations began to run on that date. But they urge the court to take "a fresh look" at the accrual rule established by controlling precedent. The court declines to do so, and it adheres to the binding precedent established as the law of this circuit. Accordingly, the Hawks's declaratory judgment claim is barred by the statute of limitations. *See Priester*, 708 F.3d at 674-75; *see also, e.g., Cooley v. Deutsche Nat'l Trust Co.*, 2014 WL 2475895, at *2 (N.D. Tex. June 3, 2014) (Fitzwater, C.J.) (applying *Priester* to plaintiffs' § 50(a) claims and holding that suit was barred by four-year residual limitations period). Concluding that the Hawks's declaratory judgment claim based on an alleged violation of the Texas Constitution is barred by limitations, the court grants Deutsche Bank's motion to dismiss this claim.

IV

Alternatively, the Hawks seek a declaratory judgment that Deutsche Bank has no right to enforce the Note or Security Instrument because the "Corporate Assignment of Deed of

Trust," executed by Citi Residential Lending Inc. ("Citi") as attorney-in-fact for Ameriquest by power of attorney, is void because (a) Citi lacked authority to execute the assignment, and (b) the assignment was a forgery.[3]

As the court previously held, the Hawks lack standing to challenge Citi's assignment to Deutsche Bank as void on the basis that Citi allegedly lacked authorization for the assignment. *Hawk I*, 2015 WL 4724797, at *5 (citing *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013)). For the reasons explained in *Hawk I*, the court reaches the same conclusion regarding the Hawks's second amended complaint.

In *Reinagel* the Fifth Circuit held that a plaintiff lacks standing to challenge an assignment on any basis that merely renders the assignment voidable at the election of the assignor, rather than void. *Reinagel*, 735 F.3d at 226. The Hawks's challenge to Citi's authorization at most renders the assignment *voidable*, but it cannot render the assignment *void*. Accordingly, the Hawks lack standing to challenge the assignment.

The Hawks also challenge the assignment as void on the grounds that it was forged. The Hawks appear to maintain that Brian Bly's ("Bly's") signature on the assignment, made on behalf of Citi, was forged because it purported to be the act of Ameriquest but was not authorized by Ameriquest. But the Hawks do not allege any facts that enable the court to draw the reasonable inference that Bly did not personally sign the assignment or that his

---

[3]It is unclear whether the Hawks allege two separate reasons why the assignment is void—e.g., that Citi lacked authority to execute the assignment, and that the assignment was a forgery. In any event, the court will address each reason separately.

name was signed without his authorization or knowledge. In other words, the Hawks have not plausibly alleged that Bly's signature was forged. Instead, the Hawks simply reassert their argument that Citi lacked authorization, but label it "forgery." Because the Hawks have not alleged facts that would enable the court to draw the reasonable inference that the assignment was forged, the court grants Deutsche Bank's motion to dismiss the Hawks's alternative ground for seeking declaratory judgment.[4]

V

Finally, the Hawks assert a claim for suit to quiet title and remove cloud on title. In *Hawk I* the court held that the Hawks had not sufficiently alleged a plausible claim for suit to quiet title and dismissed the Hawks's claim. The court explained that "'a plaintiff in a suit to quiet title must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.'" *Hawk I*, 2015 WL

---

[4] The Hawks urge the court to follow the opinion of a Texas court of appeals in *Vazquez v. Deutsche Bank National Trust Co.*, 441 S.W.3d 783 (Tex. App. 2014, no pet.). To the extent *Vazquez* is inconsistent with *Reinagel*, the court follows *Reinagel* as binding circuit precedent. And insofar as *Reinagel* and *Vazquez* both recognize that a plaintiff has standing to challenge an assignment on a basis that renders it void, *Vazquez* is factually inapposite. The *Vazquez* court held that a plaintiff who specifically alleged that an assignment was void, not merely voidable, had standing based on the allegation that the signature on the assignment was not affixed by the signatory or with the signatory's approval or knowledge. In other words, the plaintiff alleged specific facts demonstrating forgery. *See id.* at 789-90. In contrast, although the Hawks plead (implausibly, as the court explains) that the assignment was forged, they fail to allege that the Citi signatory did not affix his signature to the assignment or that his signature was affixed without his approval or knowledge.

4724797, at *6 (quoting *XTO Energy Inc. v. Nikolai*, 357 S.W.3d 47, 59 n.13 (Tex. App. 2011, pet. denied) (internal quotation omitted)). In their second amended complaint, the Hawks make similar allegations to those in their amended petition: they own the Property in fee simple under a duly executed and recorded deed, they have possession of the Property, and they have not abandoned the Property. As in their amended petition, the Hawks in their second amended complaint have not pleaded facts that would enable the court to draw the reasonable inference that they have superior title to the Property vis-à-vis Deutsche Bank, or that Deutsche Bank has asserted a claim against the Property that is invalid or unenforceable. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. 2001, no pet.). Accordingly, the court grants Deutsche Bank's motion to dismiss the Hawks's claim for suit to quiet title.

\* \* \*

Because one of the Hawks's claims is time-barred, they have otherwise failed to plead a plausible claim on which relief can be granted, and the court has already given them an opportunity to replead, the court grants Deutsche Bank's motion and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

December 8, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE